## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NILA-FAYE RAWSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUMNER COUNTY DISTRICT COURT and<br>GATEN T. WOOD,<br><br>    Defendants. | Case No. 24-2101-JWB-BGS |

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

After review of the *pro se*[1] Plaintiff's federal court Complaint, the undersigned Magistrate

Judge **recommends** that the District Court **DISMISS** Plaintiff's case for failure to state a viable

cause of action and for lack of subject-matter jurisdiction.

### I.  Standards for Review of *IFP* Complaints.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any

time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to

review the complaint to ensure a proper balance between these competing interests." *Mitchell v.*

*Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30,

2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v.*

*Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar

---

[1] Plaintiff proceeds *pro se*. The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

### A. Failure to State a Claim

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts

to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury …." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's complaint and construing the allegations liberally, if the court finds that she has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

### B. Subject-Matter Jurisdiction

In addition, the court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court may raise the issue *sua sponte. See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd,* 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). The Court will liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Williamson v. United Parcel Service, Inc.*, No. 23-2392-JWB, 2024 WL 1676791, at *2 (D. Kan. Apr. 18, 2024).

## II. Plaintiff's Claims and Factual Allegations

Plaintiff's pleadings are unclear and vague. She brings this action against the Sumner County District Court and District Court Judge Gaten T. Wood, who presides in the Thirtieth Judicial District Court of Sumner County, Kansas. Plaintiff proceeds based on federal question jurisdiction and alleges several violations of her constitutional rights. Specifically, she asserts violations of "the First Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the doctrines established in Ex parte Young, Marbury v Madison, and Howlett v. Rose." *See* Doc 1, at 2.

Plaintiff's pleading is light on specifics. From what the Court is able to ascertain, there was a previous state court action between Plaintiff and Lakeview Loan Servicing, LLC. That action was pending in Sumner County District Court and presided over by Judge Wood. While the Plaintiff

does not get into the specifics of the litigation, she alleges that the Judge entered several unfavorable rulings. As exhibits, she attached motions she filed in the state court case. Apparently, Judge Wood entered an injunction which limited her ability to file pleadings and/or other documents. This led to her filing a motion for reconsideration, a motion for leave, and a motion for an interpreter. Those motions were all denied. In a nutshell, Plaintiff is very dissatisfied with how the state court proceeding was handled and seeks review in federal court.

Plaintiff brings three individual claims seeking relief in this Court in the form of a declaration that Defendants' actions and certain state policies are unconstitutional, requests the Court to set aside unfavorable rulings rendered in Sumner County, and requests an undetermined amount of damages. The first is an alleged violation of her right to access the courts under the First Amendment and the *Ex parte Young* doctrine.[2] Doc. 1, at 4. The *Ex parte Young doctrine* "provides, as an exception to state sovereign immunity under the Eleventh Amendment, that 'a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.'" *Norton v. Parsons*, No. 23-4055, 2024 WL 358239, at *2 (10th Cir. Jan. 31, 2024) (citing *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)). As to this cause of action, Plaintiff contends that "[t]he denial of [her] motions and the imposition of a filing injunction directly contravene her First Amendment right to petition the government for redress of grievances and her Fourteenth Amendment rights to due process and equal protection." Doc. 1, at 4. According to Plaintiff, "[t]hese judicial actions effectively close the courthouse doors to Plaintiff … ." *Id.*

Plaintiff next brings a claim for breach of due process under the Fourteenth Amendment and *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803). Doc. 1, at 4. In *Marbury v. Madison*, the

---

[2] *See generally Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

United States Supreme Court "announced [its] responsibility to review laws that are alleged to violate the Federal Constitution . . . ." *Moore v. Harper*, 600 U.S. 1, 19, 143 S. Ct. 2065, 2079, 216 L.Ed. 2d 729 (2023). With her second cause of action, Plaintiff alleges that "[t]he state court's refusal to allow [her] a fair opportunity to present her case, coupled with the denial of her motions without substantive consideration, undermines the due process guarantees, effectively denying her a meaningful opportunity to be heard and to challenge the foreclosure action against her." *Id.*

Finally, Plaintiff alleges an infringement of equal protection and fair judicial treatment under the Fourteenth Amendment and *Howlett v. Rose.* Doc. 1, at 5. Plaintiff contends she was subject to "disparate treatment … by [Defendant] not affording her the procedural accommodations to which she is entitled, particularly in light of her pro se status and the complexities of her case, represents a failure to uphold the principles of fairness and equality before the law, inviting federal judicial review and intervention." *Id.*

## III.    Analysis

### A.    Plaintiff's Complaint Fails to State a Claim Upon Which Relief may be Granted.

#### 1.    Defendant Sumner County District Court is a non-suable entity.

Plaintiff cannot prevail against the Sumner County District Court, as that party is not a suable entity under § 1983.[3]    *See Hancox v. Lucas*, No. 18-1049-F, 2018 WL 7137972 (W.D. Okla. Dec. 19, 2018), *report and recommendation adopted*, No. 18-1049-F, 2019 WL 348236 (W.D. Okla. Jan. 28, 2019) (dismissing claims against county district court because "that party is not a suable entity"). Accordingly, the Court should dismiss this Defendant with prejudice.

---

[3] To the extent Plaintiff made a claim against an entity capable of being sued, a state entity would be considered an "arm of the state" and enjoy Eleventh Amendment immunity. *Agrawal v. Cts. of Oklahoma*, No. CIV-18-396-D, 2018 WL 3354881, at *2 (W.D. Okla. July 9, 2018), *aff'd*, 764 F. App'x 809 (10th Cir. 2019). Moreover, Plaintiff has not shown the execution of any policy or custom that deprived her of any rights under the Constitution or laws of the United States. *Id.*

### 2.  District Court Judge Gaten T. Wood

This leaves three separate constitutional claims against District Judge Gaten T. Wood under

the First Amendment and violations of due process and equal protection pursuant to the Fourteenth

Amendment.  The Complaint does not cite to 42 U.S.C. § 1983; however, that statute is the most

common basis for asserting constitutional claims against public officials.  *Pahls v. Thomas*, 718 F.3d

1210, 1225 (10th Cir. 2013) (stating that constitutional claims against state officials are typically

prosecuted under the § 1983 statute).  As such, Plaintiff's constitutional claims against the

Defendants are construed as § 1983 claims.

Plaintiff has failed to allege any specific facts regarding Judge Wood and how he allegedly

violated her rights.  In her Complaint, Plaintiff alleges that Judge Wood "is the judge who presided

over the Plaintiff's case in the Thirtieth Judicial District Court of Sumner County, Kansas, Case No.

2023 CV 22, and whose actions are at issue." Doc. 1, at 2.  She also alleges her "efforts to challenge

[the] injunction through a Motion for Reconsideration and a Motion for Leave to File," which Judge

Wood denied.  The facts as alleged by Plaintiff – that Judge Wood denied Plaintiff's motions –

simply do not equate to him violating her Constitutional rights.

To the extent Plaintiff intends to bring his claims pursuant to §1983, the doctrine of

absolute judicial immunity bars Plaintiff's claims against Defendant Wood.  A state court judge is

absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all

jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978) (articulating broad immunity rule that

a "judge will not be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority").  To determine whether a judge performed a

"judicial" act or acted "in the clear absence of jurisdiction," the courts look to "the nature of the act

itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the

parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.  Here, Plaintiff

does not articulate what error(s) Defendant Wood made, and makes no allegations that he acted in the absence of all jurisdiction. As such, Defendant Wood is entitled to absolute judicial immunity and the claims against him should be dismissed with prejudice. *See Calvert v. Safranek*, 209 F. App'x 816, 820 (10th Cir. 2006).

### B. The Court Lacks Subject Matter Jurisdiction.

#### 1. Review of state-court proceedings

To the extent that Plaintiff seeks this court to review the decisions rendered in the previous state court proceedings, this Court does not have subject matter jurisdiction over such claims. Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." *Amack v. Young Williams PC*, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022).

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Sipple v. Meyer*, No. 5:23-CV-4108-EFM-RES, 2024 WL 1403338, at *6 (D. Kan. Apr. 2, 2024) (citing *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023)). Simply put, a party cannot attempt to appeal an unfavorable state-court decision to a lower federal court. *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 1202, 163 L. Ed. 2d 1059 (2006). The *Rooker-Feldman* doctrine applies if the following elements are met: "(1) the plaintiff lost in state court, (2) the state

court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Lance v. Dennis*, 546 U.S. 459, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006).

Here, Plaintiff Plaintiffs seeks "declaratory relief," asking this Court to set aside an unfavorable state court's judgment. This portion of Plaintiff's claim violates the *Rooker-Feldman* doctrine. As such, this Court lacks subject matter jurisdiction and Court recommends that the District Judge dismiss any claims seeking review of the previous state court decisions. !

### IV.    Conclusion

Based on the foregoing, it is **recommended** that the District Judge dismiss Plaintiff's claims against Defendants Wood and the Sumner County District Court with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a claim upon which relief may be granted and the Court lacks jurisdiction over claims seeking review of state court decisions.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint, Doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED**.

Dated April 29, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge