IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NILA-FAYE RAWSON,

        Plaintiff,

v.                                                                                                  Case No. 24-2101-JWB

SUMNER COUNTY DISTRICT COURT and
GATEN T. WOOD,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's objection to Magistrate Judge Brooks Severson's Report and Recommendation ("R&R") (Doc. 5) recommending dismissal of this action. (Doc. 7.) After review, the court ADOPTS the R&R in part and dismisses this action for lack of subject matter jurisdiction.

**I.    Facts and Procedural History**

Plaintiff is proceeding pro se and filed this civil rights action against the Sumner County District Court and District Court Judge Gaten T. Wood, one of the judges presiding in Sumner County. Plaintiff asserts violations of "the First Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the doctrines established in *Ex parte Young*, *Marbury v Madison*, and *Howlett v. Rose*." (Doc 1 at 2.) Plaintiff's complaint, however, lacks details. It appears that Plaintiff is upset about several rulings made by Judge Wood with respect to a state court action between Plaintiff and Lakeview Loan Servicing. Plaintiff has attached several motions to her complaint that were allegedly "summarily dismissed" by Judge Wood. (*Id.* at 3.) Essentially, Plaintiff seeks review of the state court proceeding. Plaintiff seeks a declaration

1

that Defendants' actions and certain state policies are unconstitutional, requests that certain rulings be set aside, and requests an undetermined amount of damages.

Magistrate Judge Severson screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and entered an R&R recommending dismissal. The order states that Defendant Sumner County District Court is an entity that cannot be sued and therefore, must be dismissed. (Doc. 5 at 6.) With respect to Judge Wood, Magistrate Judge Severson held that the claims against him are devoid of any factual basis and that he would be entitled to judicial immunity. Finally, the court held that the court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine as Plaintiff is attempting to challenge state court decisions by collateral review instead of raising those challenges in state court proceedings. (*Id.* at 8.) Plaintiff filed a timely objection to the R&R. (Doc. 7.)

**II.     Standard**

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

Under provisions pertaining to IFP matters, "the court shall dismiss the case at any time if the court determines that – … (B) the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B).  To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.   Analysis**

Plaintiff objects to the R&R on the basis that Magistrate Judge Severson failed to construe her filings liberally, she plausibly stated a claim, Judge Wood is not entitled to immunity, and the court misapplied the *Rooker-Feldman* doctrine.  Plaintiff's objections lack merit.

Plaintiff objects to Magistrate Judge Severson's holding that this court lacks jurisdiction over claims challenging the state court rulings under the *Rooker-Feldman* doctrine.  Plaintiff's objection is entirely conclusory and merely states legal principles without actually identifying how the doctrine would not apply here. (Doc. 7 at 3.)  Therefore, her objection is waived.  Moreover, based on a review of the complaint, the court adopts the findings in the R&R that this court would lack jurisdiction over Plaintiff's request for declaratory relief and her claims seeking review of the prior state court decisions under the *Rooker-Feldman* doctrine.  *See Jackson v. Peters*, 81 F. App'x

3

282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019).

The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (internal citations and quotations omitted). Plaintiff asserts the doctrine does not apply here but Plaintiff's claims are all centered on allegedly wrongful rulings made in state court. Although Plaintiff categorizes those rulings as violations of her constitutional rights, in order for her to prevail on her claims, the court would have to review and reject the state court decisions. The court cannot do so. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Therefore, the court lacks subject matter jurisdiction over this action.

Plaintiff contends that she should be allowed an opportunity to amend her complaint. (Doc. 7 at 3–4.) Plaintiff, however, has failed to attach her proposed amended complaint in compliance with Local Rule 15.1. The court further finds that any such amendment is futile as it is subject to dismissal for lack of jurisdiction as set forth herein. The court declines to address the remaining issues on the merits as it lacks subject matter jurisdiction over this matter.

Plaintiff has also filed additional documents in the record that the clerk has docketed as a "supplement" to her objection. (Doc. 8.) This filing is not a supplement to the objection but rather is a notice about liquidation of an "account," with several attachments. The "account" is

4

apparently this action and Plaintiff includes exhibits that include an amendment to a contract that identifies the court as a contractor (without any signature on behalf of the court) and Plaintiff as the "banker," a consent of surety, and a UCC financing statement. *Id.* The documents are not relevant to this action and the court doubts their authenticity. The clerk is to strike Document 8 from the record.

**IV.     Conclusion**

Plaintiff's objection to the R&R is OVERRULED. The court lacks subject matter jurisdiction over Plaintiff's complaint. The R&R is hereby ADOPTED in part. The clerk is to strike Document 8 from the record.

IT IS SO ORDERED. Dated this 3rd day of July 2024.

                                                             s/ John W. Broomes
                                                           JOHN W. BROOMES
                                                           UNITED STATES DISTRICT JUDGE